IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY BANKS, CT-8731,    )<br>    Plaintiff,    )<br>        )<br>    v.    )<br>        )<br>GREGORY GIDDENS, et al.,    )<br>    Defendants.    ) | Civil Action No. 04-1551 |

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the Defendants' Partial Motion to Dismiss Plaintiff's Second Amended Complaint (Docket No.54) be granted as to defendants Pennsylvania Department of Corrections and individual defendants Mohring, Stickman, Kessler, Blandford, Collings, Goode, Povychi and Bitner.

II. Report:

Presently before the Court for disposition is the defendants' partial motion to dismiss plaintiff's second amended complaint. Specifically, the defendants seeks to dismiss the second amended complaint as to defendants Pennsylvania Department of Corrections since it is not a person within the contemplation of 42 U.S.C. 1983, and individual defendants Mohring, Stickman, Kessler, Blandford, Collings, Goode, Povychi and Bitner for lack of any claim of personal involvement.

Although difficult to interpret, it would appear that the plaintiff is alleging that he was placed in inadequate housing by defendants Giddens and Lynch; that he was assaulted by

defendants Lynch, Knupsky, Chirico and Orpen; that he was denied medical care by defendants Horner and Joe; that he was denied a fair disciplinary hearing by defendant Ferson, and that he was sprayed with chemicals by defendant Green. As to the other named defendants, who are the movants here, it appears that the plaintiff is alleging either that they did not intervene in his behalf, or take other actions in their supervisory capacity to protect his well-being. These facts are said to state a cause of action under the provisions of 42 U.S.C. 1983 and the plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. 1331 and 1343. The Pennsylvania Department of Corrections as well as defendants Mohring, Stickman, Kessler, Blandford, Collings, Goode, Povychi and Bitner now move to dismiss.

It is provided in 42 U.S.C. §1983 that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In reviewing a motion to dismiss, all well pleaded allegations of the complaint must be accepted as true. Estelle v. Gamble, 429 U.S. 97 (1976); Schrob v. Catterson, 948 F. 2d 1402 (3d Cir. 1991). Coupled with this requirement is the greater leniency with which pro se complaint are construed. Haines v. Kerner, 404 U.S. 519 (1972).

Because the Department of Corrections is an agency of the state, it is not a "person" within the meaning of §1983. Will v. Michigan, 491 U.S. 58 (1989); See also: Blanciak v. Allegheny, 77 F.3d 690 (3dCir.1996).

The individual moving defendants are named as such either in their roles as supervisors

or for failing to act on the plaintiff's behalf. Liability may only be imposed for actual participation or direction of others in the alleged violations. <u>C.H. ex rel. Z.H. v. Oliva</u>, 226 F.3d 198 (3d Cir.2000), cert. denied 533 U.S. 915 (2001). Nor may liability be imposed on a theory of respondeat superior absent actual participation or directions of others. <u>A.M. v. Luzerne</u>, 372 F.3d 572 (3d Cir.2004).

Accordingly, because there is no bases upon which liability may be imposed on the moving defendants, it is recommended that their partial motion to dismiss be granted.

Within ten (10) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                                                Respectfully submitted,

                                                                                s/ Robert C. Mitchell,

Dated: October 19, 2005                            United States Magistrate Judge