IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GARY BANKS, CT-8731, )
    Plaintiff, )
   )
    v. ) Civil Action No. 04-1551
   )
GREGORY GIDDENS, et al., )
    Defendants. )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the Motion for Summary Judgment submitted on behalf of the remaining defendants (Docket No.73) be granted, and that judgment be entered accordingly.

II. Report:

Presently before the Court for disposition is a Motion for Summary Judgment submitted on behalf of the remaining defendants.[1]

Although difficult to interpret, it would appear that the plaintiff is alleging that he was placed in inadequate housing by defendants Giddens and Lynch; that he was assaulted by defendants Lynch, Knupsky, Chirico and Orpen; that he was denied medical care by defendants Horner and Joe; that he was denied a fair disciplinary hearing by defendant Ferson, and that he was sprayed with chemicals by defendant Green. These facts are said to state a cause of action under the provisions of 42 U.S.C. 1983 and the plaintiff invokes the jurisdiction of this Court

---

[1] All non-moving defendants were dismissed on March 22, 2005.

pursuant to 28 U.S.C. 1331 and 1343. The remaining defendants, Giddens, Lynch, Orpen, Knupsky, Chirico, Green, Ferson, Horner and Bitner now move for summary judgment.

It is provided in 42 U.S.C. §1983 that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The events about which the plaintiff complains concern incidents which allegedly occurred on August 27, 2003, when he claims to have been subjected to excessive force by defendants Chirico and Knupsky; on October 31, 2003 when he claims he was assaulted by defendant Giddens and the extraction team during a cell extraction, and on November 2, 2003, when he alleges he was assaulted by defendant Green and the extraction team during a cell extraction. In support of their motion, the defendants have submitted copies of the relevant records as well as a DVD and Videotape of the events.

Summary judgment is appropriate where there are no material issue of fact and the movant is entitled to judgment as a matter of law. Biener v. Calio, 361 F.3d 206 (3d Cir.2004). In opposing a motion for summary judgment, a party cannot rest on mere reassertions of the matter raised in the complaint but must demonstrate by record evidence that material issues of fact exist for resolution at trial. Orsetti v. New Jersey, 71 F.3d 480 (3d Cir.1995).

In support of their motion for summary judgment the movants submit three arguments.

First, regarding events which occurred on August 27, 2003, the movants contend that the plaintiff has failed to exhaust the available administrative remedies. The Prison Litigation

Reform Act provides in 42 U.S.C. § 1997(e)(a) that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

See: Santana v. United States, 98 F.3d 752 (3d Cir. 1996). Pennsylvania provides such a mechanism.[2] This requirement also has a procedural default component. Spruill v. Gillis, 372 F.3d 218 (3d Cir.2004). In support of this claim, the movants have submitted Attachment G which is the verification of Kristen Reisinger, an Assistant Chief Grievance coordinator who represents that she searched the records regarding this incident and that although the plaintiff filed an initial grievance he failed to pursue the available administrative remedies. This contention is uncontradicted and for this reason, events surrounding the incident which occurred on August 27, 2003 cannot be considered here.

The next argument raised by the movants is that the plaintiff's allegations regarding events which occurred on October 31, 2003 are meritless. The background to this event commenced on October 30, 2003, when the plaintiff shouted obscenities and threats at correctional officers (Attachment H). As a result a misconduct was issued (Attachment H). On October 31, 2003, the plaintiff was charged with using abusive and inappropriate language towards an employee (Attachment I). A half hour later, the plaintiff received another misconduct for refusing an order to stop kicking his cell door; threatening an employee and his or her family and using abusive language (Attachment J). As a result of the plaintiff's continued acting out, he was extracted from his cell during which he was sprayed with Oleoresin Capsicum because of his

---

[2] See: Administrative Directive 804.

continued hostility (Attachments K and L). The plaintiff was ultimately restrained and examined by Nurse Horner who reported no observable injuries and flushed his eyes (Attachment L). This incident was thoroughly investigated and it was concluded that the plaintiff's allegations of abuse were unfounded (Attachment M).

In addition, we have viewed the video of the events which occurred on October 31, 2003 from which it is apparent that after being warned about his behavior, and refusing to obey the officers, the plaintiff had to be subdued with Oleoresin Capsicum and physical restraints following which he was extracted from his cell. During these events, the plaintiff subjected institutional personal to repeated verbal abuse and threats.

Finally, the incident which occurred on November 2, 2003, arose when the plaintiff was charged with refusing to obey an order and destroying property (Attachment N). When it was discovered that the plaintiff had removed his restraints, and when he refused to have them reapplied, an extraction team employed Oleoresin Capsicum, entered his cell, restrained the plaintiff and removed him to the medical clinic where his eyes were flushed and his restraints checked. This matter was likewise thoroughly investigated and it was concluded that excessive force was not applied (Attachment O).

In addition, we have viewed the DVD of the extraction which occurred on November 2, 2003, and find that it was similar in chronology to the video of October 31, 2003.

The plaintiff has failed to submit a response to the motion.

What the record does reveal is that the plaintiff is an incorrigible inmate who in refusing to abide by institutional policy and directives invites administrative action to be taken and then argues that that action was inappropriate and excessive. There is nothing present to suggest that

the movants improperly treated the plaintiff but rather that they reacted to situations which he created. Accordingly, there are no material issues of fact in dispute and the movants are entitled to judgment as a matter of law. For this reason, it is recommended that their motion for summary judgment be granted and that judgment be entered accordingly.

     Within ten (10) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                            Respectfully submitted,

                                            s/Robert C. Mitchell,

Entered: April 10, 2006                          United States Magistrate Judge